**The People of the State of Illinois on the Relation of Marbro Corporation and Atlas Wrecking Company, Plaintiffs-Appellants, v. George L. Ramsey, Commissioner of Buildings of the City of Chicago, Defendant-Appellee.**

Gen. No. 48,219.

First District, Second Division.
November 22, 1960.
Rehearing denied and opinion modified
December 28, 1960.

Sonnenschein, Lautmann, Levinson, Rieser, Carlin & Nath, and Haft, Shapiro & Davis, of Chicago (Edwin A. Rothschild, Morris A. Haft, and Julius Lewis, of counsel) for appellants.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin and Marsile J. Hughes, Assistant Corporation Counsel, of counsel) for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment of the Superior Court of Cook County denying the relator's petition for a writ of mandamus.

The relator Marbro Corporation is the owner of real estate at 58–64 West Randolph Street, Chicago, Illinois, improved with a 17-story office and theatre building, known as the Garrick Theatre Building. The building was designed in the early 1890's by Louis Sullivan, a famous Chicago architect, and was completed in 1893. The relator Atlas Wrecking Company entered into a contract with Marbro under which Atlas agreed to wreck the building.

On June 1, 1960, the relators submitted a written application to the defendant, George L. Ramsey, Com-

missioner of Buildings of the City of Chicago, for a permit to wreck the building. The application for the demolition permit was denied. On July 15, 1960 the relators filed a petition for mandamus to compel the Commissioner to issue the permit and this appeal is taken from a denial of that petition. It is admitted that on July 15, 1960, the application was in proper form and in full compliance with all applicable City Ordinances.

The City's only contention is that it was entitled to a reasonable delay in issuing the permit. The building had been previously designated as an architectural landmark by the Commission on Chicago Architectural Landmarks and it was urged that the Building Commissioner had discretion to delay the application until some action could be taken to preserve the building for its aesthetic, historical and cultural values. Several days before the application was filed, an alderman introduced a resolution at the regular meeting of the City Council inquiring into the propriety of issuing the demolition permit. The resolution proposed a conference with the Building Manager's Association to determine whether the Garrick Building would be suitable for civic use in conjunction with the proposed $67,000,000 Civic Center in the block directly across the street. It suggested that the possibility of institutional use be explored. Finally, it recommended that the Commission on Architectural Landmarks formulate a plan to save this building and other similar landmarks.

The resolution was not acted upon by City Council, but referred to the Committee on Buildings and Zoning and the Committee on Judiciary and State Legislation. It is now in the Committee on Committees and Rules. However, the suggestions contained in this informal resolution were taken into consideration

during the period between the initial application and the petition for mandamus.

The Mayor appointed a special committee to interest private foundations in acquiring the building for institutional use; however, these efforts were not successful. Discussions were held with architects, city planners, architectural historians and members of the Architectural Landmarks Commission, but these meetings also failed to discover the ways and means to save the building. An estimated expenditure of $3,500,000 would be needed to pay for the cost of the property and the necessary repairs to the building. The Public Buildings Commission reported that such an amount was not available.

The defendants seek to come under the rationale of Chicago Title & Trust Co. v. Palatine, 22 Ill. App.2d 264, 160 N.E.2d 699, however, that case is clearly distinguishable. There, a comprehensive zoning ordinance was under consideration at the time of the application for a building permit for a use which would not have been permitted under the contemplated ordinance. The plaintiff's permit was denied and he filed a petition for a writ of mandamus, which was granted in the lower court. This court reversed that judgment and held that "while the municipal authority has no right to arbitrarily or unreasonably refuse or delay the issuance of the permit, the issuance may be delayed when there is under consideration or pending an ordinance under which the issuance of the permit would be prohibited." Chicago Title & Trust Co. v. Palatine, 22 Ill.App.2d 264, 268, 160 N.E.2d 699.

In this case, there is no official action pending. There is but a bare expectation of a fortuitous development in the remote future. Five months have already elapsed since the relator applied for the per-

mit. The city has not exercised its power to obtain this property nor does it have an existing plan for its proposed civic use.

The defendant admitted at the mandamus proceeding that the relator's application for demolition met all the requirements of the municipal ordinances. The ordinance clearly provides that when such a proper application is made, the commissioner "shall issue said permit." Section 43–19, Municipal Code of Chicago. There is no special exception for landmarks. There is no provision which would give the commissioner the power to withhold an application because of extra-legal considerations.

It is laudable to attempt to preserve a landmark; however, it becomes unconscionable when an unwilling private party is required to bear the expense. The owners had decided that the preservation of the building was no longer feasible. All their previous efforts to retain the economic usefulness of the building had failed. It is undisputed that the theatre is functionally obsolete and that the building would continue to operate under a deficit even if large expenditures for renovation were made. The building is presently vacant and is a potential fire hazard. In the exercise of their business judgment and their clear legal right, the owners applied for a permit to demolish the structure.

The writ of mandamus should have been issued requiring the defendant to issue the building permit.

The judgment is reversed and the cause remanded with directions to enter judgment for the relators.

Judgment reversed and cause remanded with directions.

BURKE, P. J. and FRIEND, J., concur.