Marjorie M. COSGRIFF, Plaintiff
and Respondent,

v.

Leo R. COSGRIFF, Defendant
and Appellant.

No. 8121.

Supreme Court of North Dakota.

Jan. 21, 1964.

Cupler, Tenneson, Serkland & Lundberg, Fargo, for plaintiff and respondent.

Lanier, Knox & Shermoen, Fargo, for defendant and appellant.

STRUTZ, Judge.

The parties were divorced in August of 1956. The judgment of divorce provided, among other things, that the plaintiff have custody of the four minor children of the marriage, with rights of visitation being given to the defendant; that the plaintiff have the household furnishings located in the home of the parties, the defendant being required to make all payments on the mortgage on such home; that each of the parties be awarded the personal property then in the possession of each as his own separate property; and that the defendant pay to the plaintiff, as support for the minor children of the parties, the sum of $185 a month, payable on the first of each month. The decree further provided:

> "That there shall not be a final determination of support money and maintenance money and a distribution of the property rights of the parties, and the same shall be subject to the further order, judgment and determination of the Court, but that otherwise, this judgment shall be and is final, full and complete as to the granting of the divorce in favor of the plaintiff."

The defendant made payments as required by the decree until May of 1961. He then reduced his monthly support payments to $135.75, contending that one of the children of the parties had, in the meantime, become self-supporting and that such child was contributing to the plaintiff for her own room and board instead of being dependent for support; that the plaintiff was, in fact, receiving the full amount provided for in the order and decree of the court for support payments for the children since the child who had become self-

supporting was contributing for her own maintenance. The defendant further contended that his income had been reduced and that he was earning less than he had earned at the time of the entry of the divorce decree.

The trial court, after a hearing, ordered the defendant to continue the payment of the sums provided for in the original order and judgment. The court further ordered the defendant to pay the sum of $1,065.05, being the amount of the defendant's delinquencies to May 22, 1962, on child-support payments as previously ordered by the court. Finally, the court ordered that the plaintiff be awarded one-half of the seventeen shares of stock which the defendant held in Midland Hospital Supply Company, so that each of the parties would own eight and one-half shares of such stock.

From this order the defendant has taken this appeal.

The defendant's first contention is that the trial court had no authority, almost six years after the entry of the divorce decree, to order a division of the shares of stock held in Midland Hospital Supply Company, which property was in the name of the defendant at the time of the entry of the decree. Section 14–05–24 provides that, when a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and equitable. The trial court in this case did make a division of personal property at the time of the entry of the decree, and the decree provided:

"That the personal effects and personal property now in the possession of each of the parties to this action is hereby given to and shall become their own separate and absolute property free and clear of any claims of each against the other."

The stock in Midland Hospital Supply Company is, of course, personal property. At the time of the decree, it was in the possession of the defendant. The

plaintiff argues, however, that the further provision in the decree,

"That there shall not be a final determination of support money and maintenance money and a distribution of the property rights of the parties, and the same shall be subject to the further order, judgment and determination of the Court, but that otherwise, this judgment shall be and is final, full and complete as to the granting of the divorce in favor of the plaintiffs,"

kept the question of disposition of the shares of stock in Midland Hospital Supply Company open and that the court had authority, in 1962, to award one-half of such stock to the plaintiff.

The statute requires the court to make an equitable distribution of the real and personal property of the parties "when the divorce is granted." We assume that the court did its duty, as required by this provision, so far as it was possible for it to perform that duty at the time of the entry of the decree. We note that the court made distribution of the personal property because it ordered:

"That the personal effects and personal property now in the possession of each of the parties to this action is hereby given to and shall become their own separate and absolute property free and clear of any claims of each against the other."

The Midland Hospital Supply Company stock, being personal property and being in the possession of the defendant at the time the decree was entered, was awarded to the defendant as his separate property, "free and clear of any claims" of the plaintiff. Having awarded the personal property to the defendant, in 1956, the court could not, in 1962, award half of such stock to the plaintiff. It is true that the court also decreed:

"That there shall not be a final determination of support money and maintenance money and a distribution of

property rights of the parties, and the same shall be subject to the further order, judgment and determination of the Court, * * *"

We believe that this provision applied only to the real property consisting of the home occupied by the parties, in which the plaintiff and the children of the parties were living at the time of the decree. There was an unpaid mortgage on the home, and the decree provided that the defendant should continue to make all the necessary payments on the mortgage and to keep it in good standing. Until such mortgage had been paid in full, and perhaps so long as there were minor children to be cared for, the court permitted the disposition of this property to be delayed. In any event, the court having specifically decreed the personal property in possession of each of the parties to be the property of the party having possession of it, we believe the ownership of the Midland Hospital Supply Company stock was determined at the time of the entry of the decree.

Whether the trial court had jurisdiction to delay distribution of personal property between the parties for six years therefore need not be decided in this action, since the stock was awarded to the defendant by the decree and it became his sole property.

 The defendant next contends that, because one of the children had become self-supporting and because the defendant's income had diminished, he was justified in paying a sum less than that provided for in the order and decree as support for the remaining minor children. If the defendant, for sufficient reasons, was unable to make some of the payments ordered by the court, as he now claims, he should have applied to the court for a reduction in the amount of the monthly payments required of him by the decree. This he failed to do, however, until he was cited for contempt by the plaintiff for failure to obey the order and judgment of the court. No defendant may take it upon himself to disobey the orders of the court requiring support for

his children, even though he has reasons which, to him, are sufficient to justify such action. While there is some authority that orders and decrees of divorce courts for child support are limited to the child's minority and automatically expire when the child attains majority, and that the father is entitled to a reduction in the amount of such support payments *nunc pro tunc* as of the date when such child reaches majority, where the decree provides for a lump-sum payment for support of a number of children, the support provision is not automatically reduced by one-fourth of such lump-sum payment when one of four children reaches majority. We know that the expense of supporting three children is not exactly three fourths of the expense of supporting four, since rent, heat, electricity, and similar expenses may be as great for maintaining three as for maintaining four children. Therefore, where the order of the court provides for a lump-sum payment of $185 a month for the support of four children, and further provides that such payment "shall continue and be subject to the further order of the Court," the amount of such support would not automatically be reduced by one-fourth when one of such children attains majority. Had the decree provided for a definite sum per child, as often is the case, the payment due would automatically have been reduced when one child reached majority. But, where the provision for support is for a lump sum, we believe the better rule is that which is applied by those courts which require such sum to be paid, in the absence of modification, until the youngest child attains majority. Cooper v. Matheny, 220 Or. 390, 349 P.2d 812; Anderson v. Anderson, 129 Cal.App.2d 403, 276 P.2d 862; Application of Miller, 139 Neb. 242, 297 N.W. 91. In the Miller case, the court said:

"Where the effect of an award for child support is to grant one sum for each month for the maintenance of more than one minor child during their minority, it will be construed, in the absence of a modification by the court

which awarded it, to provide for the monthly payment of such sum until the youngest child attains his majority."

See also Sloan v. Sloan, 286 App.Div. 1102, 145 N.Y.S.2d 797; Zalka v. Zalka (Fla.), 100 So.2d 157.

As soon as the defendant in this case believed there were valid reasons for a reduction in the amount of support payments, he should have made application to the court for a modification of its previous order. The court, in this State, retains the power to modify and amend its orders insofar as rights of the children are concerned. Sinkler v. Sinkler, 49 N.D. 1144, 194 N.W. 817; Eisenbarth v. Eisenbarth (N.D.), 91 N.W.2d 186; Bryant v. Bryant (N.D.), 102 N.W.2d 800; Sec. 14–05–24, N.D.C.C.

The question of whether the former order and decree providing for support for the children should, on application, be modified is largely within the sound discretion of the trial court, and the trial court, having considered the application of the plaintiff for modification and the defendant's subsequent motion for reduction in such payments, and having granted plaintiff's motion for modification in the form of increased payments, this court will not set aside the trial court's order except in case of clear abuse of such discretion. Sec. 14–05–22, N.D.C.C.; Sjol v. Sjol, 76 N.D. 336, 35 N.W.2d 797.

The defendant's contention that the plaintiff had not made a sufficient showing of change of circumstances, since the entry of the order and decree, to justify the modification as provided in the order appealed from, which changes support payments for the minor children of the parties from $185 a month for four children to $185 a month for three children, one child having become self-supporting, therefore was a matter for the court to determine in the exercise of its sound discretion. The plaintiff did make a showing that costs of educating and maintaining the children had increased substantially since the entry of the decree. We believe the court acted within its discretion in fixing the amount due from the defendant for the support of the remaining children, although such support payments per child were increased. If, because of advancing age or decrease in earnings or any other material change in circumstances or conditions of the parties, the defendant finds it necessary or desirable to ask for a further modification of the decree, he may make further application for such modification. He may not, however, refuse to make payments required by the order of the court merely because he feels they are more than he should be required to pay.

For reasons stated herein, the portion of the order appealed from which requires delivery by the defendant to the plaintiff of one-half of the seventeen shares of stock in Midland Hospital Supply Company is reversed; the balance of such order is affirmed.

MORRIS, C. J., and TEIGEN, BURKE and ERICKSTAD, JJ., concur.