Germaine M. M. FOSTER, formerly known as
Germaine M. M. Nelson, Plaintiff
and Appellant,

v.

William NELSON, Defendant and Appellee.

Civ. No. 8875.

Supreme Court of North Dakota.

April 12, 1973.

Steven C. Lian, Farhart, Rasmuson, Olson & Lian, P. A., Minot, for plaintiff and appellant.

E. J. Bosch, Minot, for defendant and appellee.

STRUTZ, Chief Justice.

The parties to this appeal were divorced in April of 1971. A property-settlement agreement was executed by them prior to the hearing for divorce. In such agreement, it was stipulated that, among other things, the custody of the three children of the parties should be awarded to the plaintiff, subject to reasonable rights of visitation by the defendant; that the defendant should pay to the plaintiff the sum of $100 per month per child as and for support and maintenance of the minor children until they reach legal age. The trial court granted the divorce, approved the property-settlement agreement, and incorporated its provisions in the decree.

A year and half after the entry of the divorce decree, the defendant commenced this proceeding to modify its terms insofar as it required him to pay $100 per month for the support of each of the children. He requested that such payment be reduced from $100 per child per month to $50 per child, on the ground of changed conditions and circumstances.

The record made at the hearing on the motion to modify the decree discloses that at the time of the decree the defendant had an income of approximately $12,500 per year; that his salary had increased approximately five percent since the divorce; that both parties had remarried, and that on remarriage the defendant had assumed an obligation to support not only his new wife but also her child by a previous marriage, which child, the record discloses, was receiving Social Security payments of $100 per month as the child of its deceased father. It further appears that the defendant was having some difficulty in meeting the support payments required of him because of certain obligations which he had incurred prior to the divorce of the parties and prior to the property-settlement agreement. He also advised the trial court that he had incurred as additional obligations since the divorce the debt of $800 for the purchase of an outboard motor and a $4,000 obligation for the purchase of the plaintiff's $3,000 interest in the homestead of the parties which the decree had ordered to be sold, with the net proceeds of sale to be evenly divided between the parties pursuant to their settlement agreement. The defendant further asserts that since the plaintiff's remarriage, she has given up her employment, and that if she still were earning wages she would not need the entire amount of the support payments awarded to her for the support of the children by the provisions of the decree, and that the amount of such support payments could be reduced.

On this showing, the trial court entered its order reducing the child-support payments required of the defendant from $100 per child per month to $75 per child, and the plaintiff thereupon took this appeal. The plaintiff urges that the trial court erred in modifying the provisions for child-support payments under the showing thus made.

When a divorce is granted, the trial court has continuing jurisdiction with reference to the custody, care, and education of the children of the marriage. Sec. 14-05-22, N.D.C.C. The court's order relating to custody and support may be modified at any time upon a proper showing of changed conditions. Bryant v. Bryant, 102 N.W.2d 800 (N.D.1960); Kucera v. Kucera, 117 N.W.2d 810 (N.D.1962). The court retains control of the decree of divorce insofar as the rights of the children are concerned, regardless of any contract of the parties to the contrary. Eisenbarth v. Eisenbarth, 91 N.W.2d 186 (N.D.1958).

On the issue of modification of its order dealing with custody, care, and education of the children of a marriage, North Dakota follows the rule adopted by a majority of the jurisdictions. The general rule so followed is that courts invested with jurisdiction and power to grant divorces and grant support payments are deemed to have power to change or modify the amount to be paid ". . . whenever the circumstances of the parties have

materially changed." Nelson on Divorce, Vol. 2A, Sec. 17.01, p. 2.

A husband who makes application for a modification of a decree providing for support of children has the burden of showing by a preponderance of the evidence that there has been a change of circumstances which requires the court to change the original order. The moving party must prove by a preponderance of the evidence that his circumstances have, in fact, changed for the worse and that his inability to pay is due to circumstances beyond his control and not due to some voluntary act or neglect on his part. Nelson on Divorce, Vol. 2A, Sec. 17.08, p. 53.

Thus the defendant in this action, requesting a reduction in the amount he is required to pay under the provisions of the decree for the support of his children, has the burden of proving by a preponderance of the evidence that his condition has changed for the worse and that such change was due to circumstances beyond his control.

A careful review of the record discloses that the only showing which the defendant has made on change of condition or circumstances from what they were at the time the decree was entered are those which he has voluntarily assumed by buying an expensive outboard motor, by buying his former wife's equity in the homestead, and by a remarriage. He has not shown such a change of condition as would authorize the trial court, under our statute, to modify the terms of the decree. Hence the trial court was without authority to enter an order reducing the amount of support payments which the court, by approving the written agreement of the parties, had required the defendant to make.

For reasons stated in this opinion, the trial court was without any authority to reduce the amount of support payments for the minor children awarded to the plaintiff by the decree, and the order appealed from is reversed.

TEIGEN, ERICKSTAD, KNUDSON and PAULSON, JJ., concur.