**LeAnn CORBIN, Plaintiff and Appellant,**

v.

**Donald CORBIN, Defendant
and Appellee.**

**Civ. No. 9672.**

Supreme Court of North Dakota.

Jan. 24, 1980.

John J. Mahoney, Center, for plaintiff and appellant.

William F. Lindell, Washburn, for defendant and appellee.

ERICKSTAD, Chief Justice.

This is an appeal from an order of the McLean County District Court which affirmed the findings and recommendations of the district court's referee pertaining to the modification of the defendant's child support payments. The order is modified with respect to the child support payments which are in arrears, but is otherwise affirmed.

The plaintiff, LeAnn Corbin, and the defendant, Donald Corbin, were married in Roseglen, North Dakota, on October 11, 1959. Five children were born of the marriage: Dawn, born June 29, 1960; Robert, born July 6, 1961; Mark, born March 21, 1963; Terri, born October 15, 1965; and Scott, born May 8, 1971. The parties were divorced and judgment was entered in McLean County District Court on November 6, 1974. The judgment provided, in pertinent part:

> "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff have the care, custody and control of the five minor children, . . . .

> \* \* \* \* \* \*

> "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant agrees to pay to the Plaintiff, the sum of $375.00 per month for the support of his minor children, to be paid to the Office of the McLean County Clerk of Court, and he also agrees to pay the premiums for the Blue Cross, Blue Shield Hospital and Medical Insurance for the Plaintiff as well as the Plaintiff and Defendant's minor children."

The child support payments were then regularly made until the parties' oldest child, Dawn, became eighteen years of age on June 29, 1978. Thereafter, Donald reduced his monthly payment by $75.00, interpreting the $375 per month child support provision to mean that he should pay $75 per month for each of the five minor children. He continued these reduced payments throughout the remainder of 1978 and into 1979, until, on May 9, 1979, he made a motion in the district court for an order modifying the judgment and decree. In his motion, he asked that the district court "clarify the fact that the support payments be reduced automatically $75.00 per child as each child becomes the age of eighteen years." Donald contended that this was the understanding of the parties at the

time the divorce was granted and that the child support provision of the judgment was incorrectly stated. If the basis of his motion was that of mistake, he should have brought it pursuant to Rule 60(b) of the North Dakota Rules of Civil Procedure and within the time constraints provided for therein.

In response to Donald's motion, LeAnn filed an affidavit wherein she asserted that Donald wrongly interpreted the decree to provide $75 per minor child, and further that the child support payments were no longer adequate. She asked the district court to modify the support order so as to provide that Donald pay $175 per month for each minor child and for each child under the age of twenty-four who attends college. She also asked that Donald be required to pay the costs of medical, dental, orthodontic and optic care for the children.

A hearing was held before district court referee, Thomas McGurren, on May 24, 1979, and on May 31, he made the following recommendations:

## "I.

"That the Defendant continue to pay $300.00 per month as child support or $75.00 per month per child until August, 1979, when the total payment shall remain at $300.00, but the rate increased to $100.00 per month per child as Robert will have turned eighteen. Thereafter child support shall be reduced by $100.00 per month when each child turns eighteen;

## "II.

"That in addition to child support, the Defendant pay one-half of all dental, orthodontic and other extraordinary medical needs not covered by insurance;

## "III.

"That all child support payments continue to be made to the McLean County Clerk of District Court by cashier's check or money order."

On June 5, 1979, LeAnn requested that the referee's recommendations be reviewed. She contended that, based upon the rule enunciated in *Cosgriff v. Cosgriff*, 126 N.W.2d 131 (N.D.1964), the child support award of $375 per month was a lump-sum payment and, in the absence of a modification, this sum should continue to be paid until the youngest child reaches the age of majority. Therefore, the child support payments were in arrears in the amount of $75 per month from July of 1978 through May of 1979. Further, LeAnn contended that the evidence presented at the hearing did not warrant a reduction in Donald's child support payments, but instead, any modification should be in terms of an increase due to Donald's increased income.

Upon review, the district judge ordered that the findings and recommendations of the referee be affirmed, and it is from this order that LeAnn appeals to this court.

LeAnn has raised several issues on appeal, namely:

(1) In the absence of a court-ordered modification, did Donald have the authority to reduce his child support payments once the parties' oldest child reached the age of majority?

(2) Did the district court have the authority to retrospectively modify or cancel accrued, but unpaid, child support payments?

(3) Was there sufficient evidence presented at the modification hearing to show a material change of circumstances which would justify a reduction in child support payments?

Section 14–05–22 of the North Dakota Century Code provides, in pertinent part, that:

"1. In an action for divorce, the court, before or after judgment, may give such discretion for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may vacate or modify the same at any time. Any award or change of custody must be made in accordance with the provisions of chapter 14–09." *See* § 14–05–24, N.D.C.C.

■ The trial court has continuing jurisdiction in divorce cases over matters pertaining to the custody, care and education of the minor children of the marriage. *Muraskin v. Muraskin*, 283 N.W.2d 140 (N.D. 1979); *Voskuil v. Voskuil*, 256 N.W.2d 526 (N.D.1977); *Goff v. Goff*, 211 N.W.2d 850 (N.D.1973). It is well-established that courts invested with the power to grant divorces and award child support money have the power to change or modify the amount to be paid or the method by which it is paid whenever the circumstances of the parties have materially changed. *Schumacher v. Schumacher*, 242 N.W.2d 136 (N.D.1976); *Foster v. Nelson*, 206 N.W.2d 649 (N.D.1973). However, when a divorced husband believes that there are valid reasons for a reduction in the amount of child support payments, it is not proper for him to use extrajudicial methods, take the matter into his own hands, and arbitrarily reduce the payments without first having made an application to the trial court for a modification of the previous order. *Cosgriff v. Cosgriff, supra* at 134. In the absence of a court-ordered modification, Donald had no authority to reduce his child support payments once the parties' oldest child reached the age of majority.

The award of child support in the instant case, which provided that Donald agreed to pay the sum of $375 per month for the support of his minor children, is similar to the award in *Cosgriff*, which provided that the divorced husband pay to his wife, as support for the minor children of the parties, the sum of $185 a month, payable on the first of each month.

In *Cosgriff*, the husband had taken it upon himself to reduce his support payments by one-fourth when one of the four children attained majority. This court held that where a decree provides for a lump-sum payment for support of a number of children, the support provision is not automatically reduced by one-fourth of such lump-sum payment when one of the four children reaches the age of majority. *Cosgriff v. Cosgriff, supra* at 134.

■ This court further stated that if the divorce decree had provided for a definite sum per child, as is often the case, the payment would automatically be reduced when each child reached majority. However, where the provision for child support payments is for a lump sum, as in the instant case, the better rule is that, in the absence of modification by the trial court, the lump sum remains payable until the youngest child reaches the age of majority. *Id.*

In light of the rule enunciated in *Cosgriff*, Donald's child support payments were in arrears in the amount of $75 per month from July 1, 1978 through June 1, 1979. The referee failed to consider whether or not these arrearages were presently payable and pursuant to his recommendations, which were affirmed by the district court, he modified or cancelled these accrued, but unpaid, child support payments. LeAnn contends that the district court had no authority to do so.

In support of this contention, LeAnn relies upon the holding of this court in *Kinsella v. Kinsella*, 181 N.W.2d 764 (N.D.1970), where we were faced with the issue of whether or not child support payments may be retrospectively modified or cancelled.

We recognized in *Kinsella, supra* at 770, that "[a] number of jurisdictions regard child support payments to be vested as they accrue, and retrospective modification or termination of such payments is not permitted." [Citations omitted.] We held the better rule to be that accrued but unpaid child support payments cannot be modified. *Id.*

■ The district court, which entered the judgment of divorce requiring Donald to pay child support in the amount of $375 per month, had no authority to modify or cancel the accrued but unpaid payments of $75 per month which Donald had taken upon himself to disregard when the parties' oldest child turned eighteen years of age. Child support payments may be modified by the district court at any time the circumstances render such a change proper, but such modification operates prospectively only.

Finally, LeAnn contends that there was insufficient evidence presented at the modification hearing to show a material change in circumstances which would warrant a reduction in the amount of child support payments.

■ This court has often held that a material change in the circumstances of the parties must be shown before a modification of the initial decree is proper. *Becker v. Becker,* 262 N.W.2d 478 (N.D.1978); *Foster v. Nelson, supra.* Although Rule 52(a) of the North Dakota Rules of Civil Procedure does not appear to apply to decisions on motions generally, it° does apply to a motion to modify a divorce decree. A fact-finding process is required before it can be determined that a material change in circumstances has occurred. *Becker v. Becker, supra* at 481.

We have carefully examined the record of the proceedings before the district court referee. Most of the evidence presented at the modification hearing pertained to the changes in LeAnn's and Donald's income levels.

LeAnn testified that at the time the divorce was granted in 1974, she was working at the Garrison Nursing Home, earning approximately $2.00 an hour. After the judgment of divorce was entered, she began receiving $375 per month to support the five minor children residing in the family household. At the time of the divorce, Donald was earning approximately $13,000 a year.

At the time of the modification hearing, LeAnn's salary had increased to $12,500 annually. The oldest child, Dawn, was attending college in Fort Collins, Colorado, and living with her father, who was paying for her tuition costs. The two oldest boys, Robert and Mark, were living with their maternal grandparents in Roseglen for educational reasons and LeAnn was assisting financially. Only the two youngest children remained with LeAnn in her trailer home in Center, North Dakota. The trailer home is unencumbered by any mortgages and was purchased with funds received from the sale of the family home, which

LeAnn acquired in the original divorce decree.

Donald, on the other hand, had moved to Fort Collins, Colorado, and was employed as a teacher in that city. He also sold real estate part-time during the summer, and estimated that his total earnings from both occupations amounted to approximately $17,000 in 1978. Donald had purchased a home in Fort Collins and remarried. He testified at the hearing, through the introduction of an exhibit, that his necessary monthly expenses for the support of himself and his children amounted to $1,574. This amount includes a monthly house payment of $478 and monthly child support and insurance premium payments of $348. Donald also stated that he had paid for Dawn's tuition costs while she attended college in Fort Collins and that he intended to help each of the children with the expenses of formal education, even though they have attained the age of majority.

As a result of the hearing, Donald's child support obligation was modified so as to require him to pay $300 per month, or $75 a month per child until August of 1979. After August, when Robert, the second oldest child, would have turned eighteen, the total payment would remain at $300 per month, however the rate would increase to $100 a month per child as there would only be three minor children remaining. Thereafter, the payments would be reduced by $100 per month as each of the remaining three minor children attained the age of majority.

In addition, Donald was ordered to pay one-half of all dental, orthodontic, and other extraordinary medical needs not covered by insurance. The testimony shows that the children have incurred, and will incur, considerable expense for optic and orthodontic care.

Relying upon *Foster v. Nelson, supra,* LeAnn contends that her substantial increase in income over the past five years should be ignored and that the ultimate determination is whether or not her husband's condition has changed for the worse. We recognize that the party who makes

application for modification of an award of child support in a divorce decree must make a proper showing of changed conditions or circumstances. *Foster v. Nelson, supra* at 651. However, we do not believe that an increase in the means of the divorced spouse who is not making child support payments can be totally ignored. Instead, such an increase must also be taken into consideration in determining whether or not a material change in circumstances has occurred.

This court has recognized that the needs of the divorced father and his ability to pay, as well as the needs of the children and the former wife, must be taken into account in determining the amount of child support to be paid. *Davis v. Davis*, 268 N.W.2d 769 (N.D.1978); *Kostelecky v. Kostelecky*, 251 N.W.2d 400 (N.D.1977); *Larson v. Larson*, 234 N.W.2d 861 (N.D.1975); *Hoster v. Hoster*, 216 N.W.2d 698 (N.D.1974). In *Hoster*, this court, at paragraph two of the syllabus, said:

> "In determining the amount a divorced father should pay for support of a minor child and alimony to a former wife, the court must be mindful not only of the needs of the child and of the former wife, but of the divorced father; and while he should support the child and pay alimony as best he can, he should not be burdened to the extent that all incentive is to be destroyed but some balance must be found between the needs of the child, the former wife, and the father's ability to pay." 216 N.W.2d at 699.

The change in circumstances with reference to a modification of child support payments is one based primarily on a change in financial circumstances. *See Bridgeford v. Bridgeford*, 281 N.W.2d 583, 589 (N.D.1979). A change in the financial circumstances of either party to a divorce is a significant factor in a proceeding in which the petitioner seeks to modify child support provisions. We believe that changed circumstances bear upon the financial needs of the dependent spouse and the ability of the supporting spouse to pay. We recognize that there has been a considerable rise in the cost of living due to inflation and that the increase in age of the minor children may have caused a correlative increase in the need for support. However, LeAnn's ability to contribute has also increased substantially since 1974. After carefully considering and reviewing the entire evidence presented at the modification hearing, we believe the district court could reasonably have concluded that the improvement in LeAnn's financial condition justifies the modification made by it. We are not left with a definite and firm conviction that a mistake has been made.

Although the district court referee made no specific finding as to whether or not a material change in circumstances had occurred, we are able to understand the factual basis upon which he reached his conclusions. The record itself sufficiently informs us of the basis for the decision. As both parents recognize the responsibilities they have for their children, we believe the ends of justice would not be served by remanding the case for the drafting of a specific finding on this issue.

Accordingly, the order of the district court is modified to require Donald to pay the $825 in child support payments which are in arrears, plus interest at the legal rate provided by law. See Section 47–14–05, N.D.C.C. In all other respects, the order of the district court is affirmed. This case is remanded to the district court for disposition not inconsistent with this opinion. The district court may permit payment of the amount in arrears plus interest over a reasonable period of time. Costs on this appeal are allowed to LeAnn.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.