Diana M. NYGORD (Kimball),
Plaintiff and Appellee,

v.

David L. DIETZ, Defendant
and Appellant.

Civ. No. 10330.

Supreme Court of North Dakota.

April 21, 1983.

John A. Thelen, Grand Forks, for plaintiff and appellee; submitted on brief.

Wayne P. Jones of Stetson, Jones & Kosiak, Lisbon, for defendant and appellant; submitted on brief.

VANDE WALLE, Justice.

David L. Dietz has appealed from an order of the district court of Grand Forks County which vacated a temporary order of the district court of Cass County modifying child-support payments. The order of the district court of Grand Forks County is vacated.

David Dietz and Diana M. Dietz Nygord (Kimball) were granted a divorce by the

district court of Cass County in October 1975. The divorce judgment provided, in part, that David was to pay $250 per month for child support. In May 1977 the Cass County district court issued an order confirming a referee's findings of fact and conclusions of law which temporarily modified the divorce judgment and reduced the amount of the child-support payments to $100 per month. · Diana subsequently moved to Grand Forks and sometime thereafter a certified copy of the support order was transcribed and filed with the clerk of the district court of Grand Forks County.

In October 1982 Diana filed a motion with the district court of Grand Forks County seeking to vacate the temporary modification of child-support payments and reinstate the amount of support ordered by the divorce decree. David did not appear either personally or through counsel at the motion hearing, but instead filed a brief alleging that the district court of Grand Forks County lacked jurisdiction to vacate the temporary modification of child-support payments because of the continuing jurisdiction of the Cass County district court in the matter. The district court of Grand Forks County, claiming jurisdiction under Section 14–08–07, N.D.C.C., granted Diana's motion and ordered that the temporary modification of child support be vacated and that the amount of support decreed in the original divorce judgment be reinstated. It is from this order that David has appealed.

David raises two issues on appeal:

1. Section 14–08–07, N.D.C.C., provides, in part: "2. If the recipient is not or ceases to be a resident of the county in which the action was venued, the court of its own motion or on motion of the state's attorney of either the county of venue or the county of the recipient's residence may cause a certified copy of any support order in the action to be transcribed and filed with the clerk of the district court of any county in this state in which the recipient may reside from time to time. *Thereafter, the provisions of this section shall apply* as if the support order were issued by the district court of the county to which the support order is transcribed." [Emphasis added.]

1. Whether or not the district court of Grand Forks County had jurisdiction to vacate the temporary modification of the divorce decree and, if so,

2. Whether or not the court clearly erred when it vacated the reduced child-support payments and reinstated payments in the amount decreed by the original divorce judgment.

David contends that the Grand Forks County district court does not have jurisdiction in this matter because it involves the modification of a divorce judgment rendered in Cass County district court and therefore is subject to the continuing jurisdiction of the Cass County district court. David claims that Section 14–08–07, N.D. C.C., does not give the district court of Grand Forks County jurisdiction to modify the support order issued by the district court of Cass County, but instead merely gives the court authority to enforce the transcribed order by issuing a citation for contempt of court against the person who has failed to make the support payments.[1] We agree.

A court in this State which has jurisdiction to hear a divorce action continues to have jurisdiction over matters pertaining to the custody, care, and education of the children of the marriage and may vacate or modify any decree as is deemed appropriate in the best interests of the children. *Malaterre v. Malaterre,* 293 N.W.2d 139 (N.D.1980); *Corbin v. Corbin,* 288 N.W.2d 61 (N.D.1980). It is well established that courts invested with the power to grant divorces and award child-support

In addition to specifying the manner in which child-support payments are to be made, Section 14–08–07(1) provides, in part:
"Whenever there is a failure to make the payments as required, the clerk of court shall send notice of the arrears by first-class mail, with affidavit of service, to the person required to make the payments, or request a district judge of the judicial district, on a form provided by the judge, to issue a citation for contempt of court against the person who has failed to make the payments and the citation shall be served on that person as provided by the North Dakota Rules of Civil Procedure."

money have the power to change or modify the amount to be paid or the method by which it is paid whenever the circumstances of the parties have materially changed. Sec. 14–05–24, N.D.C.C.; *Corbin v. Corbin, supra,* 288 N.W.2d at 64. However, a court which has jurisdiction in a divorce action does not lose its continuing jurisdiction over child-support matters when a support order in the action is transcribed and filed with the clerk of the district court in another county in accordance with Section 14–08–07(2), N.D.C.C.

When a support order is transcribed pursuant to Section 14–08–07(2), the provisions of Section 14–08–07 "shall apply as if the support order were issued by the district court of the county to which the support order is transcribed." Sec. 14–08–07(2), N.D.C.C. This section gives the district court of the county to which the support order is transcribed the authority to enforce the support order by issuing a citation for contempt of court against the person who has failed to make the payments. Sec. 14–08–07(1), N.D.C.C. It does not confer upon that court jurisdiction to modify or alter a support order previously issued by the district court of the county which granted the divorce and which has continuing jurisdiction over matters of child custody, care, and support.

■ A distinction must be made between the jurisdiction to enforce a transcribed judgment and the jurisdiction to modify such a judgment. An order by one district judge cannot be circumvented by commencing a second action on the same facts in a different county. *Zent v. Zent,* 281 N.W.2d 41 (N.D.1979); *Knapp v. Minne-*

*apolis, St. P. & S.S.M. Ry. Co.,* 43 N.D. 291, 173 N.W. 945 (1919). Similarly, a support order by one district court cannot be circumvented by vacation or modification in a different county to which the support order has been transcribed. Although the district court of Cass County does not necessarily have exclusive jurisdiction over all subsequent causes of action that may be commenced to enforce the original divorce decree, it does have continuing jurisdiction to modify its judgment in regard to the custody, care, and support of the child upon a showing of material change in circumstances. *Corbin v. Corbin, supra; Zent v. Zent, supra; King v. King,* 59 N.D. 688, 231 N.W. 846 (1930).

■ We conclude that the district court of Grand Forks County lacked jurisdiction to grant Diana's motion to vacate. Because the court was without jurisdiction, its order to vacate the modification of child support and reinstate the support payments decreed by the original divorce judgment must be vacated on appeal. Accordingly, it becomes unnecessary for us to discuss whether or not the court erred in its determination on the merits of the motion.

The order of the district court of Grand Forks County is vacated.

ERICKSTAD, C.J., and PEDERSON, SAND and PAULSON, JJ., concur.