Kathleen H. KOCH (Williams), Plaintiff and Appellant,

v.

Brian K. WILLIAMS, Defendant and Appellee.

Civ. No. 890376.

Supreme Court of North Dakota.

June 1, 1990.

Henry H. Howe of Howe & Seaworth, Grand Forks, for plaintiff and appellant.

Brian K. Williams, Bismarck, pro se.

LEVINE, Justice.

■ Kathleen Koch appeals from an order modifying the child support obligation of her former husband, Brian Williams. The trial court found that Williams' incarceration at the North Dakota State Penitentiary constituted a significant change in circumstances justifying the modification. We hold that a child support obligor's incarceration for incest does not constitute a material change of circumstances justifying a modification of child support payments. We reverse and remand.

After Williams pleaded guilty to two counts of incest, two other counts were dismissed and Williams was sentenced to five years at the state penitentiary, with two years suspended.[1] He began serving his sentence on July 12, 1989. The next day, he moved to terminate his support obligation. At the time, he was obligated to pay $200 per month for his minor daughter until she turned eighteen in May 1992 or graduated from high school. The trial court terminated the child support during Williams' incarceration and ordered its reinstatement sixty days following Williams' release from prison.

Koch argues that the trial court erred in finding the incarceration to be a significant change of circumstances justifying modification. We agree.

■ Depending upon the cause of the change, a trial court may modify an award of child support when a material change in financial circumstances is demonstrated. *E.g., Burrell v. Burrell,* 359 N.W.2d 381 (N.D.1985). A trial court's determination on modification of child support is treated as a finding of fact subject to the clearly erroneous standard of review under Rule 52(a), NDRCivP. *Bloom v. Fyllesvold,* 420

---

1. The victim of the incest was one of Williams' children who was not covered by the support order Williams sought to modify.

N.W.2d 327 (N.D.1988). A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.*

We believe our holding in this case was presaged by *Muehler v. Muehler*, 333 N.W.2d 432 (N.D.1983). In *Muehler*, this Court explained that the "change of circumstances" necessary to justify modification "is closely tied to equity and contemplates the application of equitable principles." We subscribed to the principle that a self-induced change in circumstances generally does not constitute valid grounds for modification. "A self-induced decline" in income "does not, in the absence of a substantial showing of good faith or cause therefor, constitute such an exceptional change in circumstances as to afford the required basis for modifying an alimony award." *Id.*, at 434, quoting 24 Am.Jur.2d, *Divorce and Separation*, § 677, at 795 (1966). We reasoned that a modification proceeding is grounded in equity and is, therefore, governed by the equitable concept that one who seeks equity must do equity. It is these equitable underpinnings of modification proceedings that account for our holding that a voluntary or self-induced reduction in income does not justify a reduction in child support. *E.g., Foster v. Nelson*, 206 N.W.2d 649 (N.D.1973); *see also Bloom v. Fyllesvold, supra; Gabel v. Gabel*, 434 N.W.2d 722 (N.D.1989). In *Foster, supra*, the obligor voluntarily assumed the detrimental change in his financial condition by buying an expensive outboard motor, acquiring his former wife's equity in the homestead and marrying a woman with a child from her previous marriage. There we held that the obligor failed to prove that his inability to pay was not due to some voluntary act or neglect on his part.

 While it is true that the "change of circumstances" necessary to warrant modification is one based primarily on a change in financial circumstances, *Cook v. Cook*, 364 N.W.2d 74 (N.D.1985), it is also true that not every change in financial circumstances justifies a modification.

*Bloom v. Fyllesvold, supra.* When the change is voluntary or self-induced, no modification is warranted because the obligor, by voluntarily placing herself or himself in a less financially secure position, is without clean hands and precluded from seeking equity. Even though the law never requires impossibilities, NDCC § 31-11-05(22), one who voluntarily dissipates or reduces income is not protected either from the consequences of such conduct or by equitable maxims. *Muehler, supra; Foster, supra.*

 Williams argues that his current inability to pay was not self-induced. He asserts that it was the sentencing court which placed him in a position where he is unable to support his child because the court sentenced him to incarceration rather than to probation. We dismiss this argument out of hand because it indicates a total lack of insight on Williams' part of his sole and exclusive responsibility for the gross violation of one child's trust and the resultant impact on another child's entitlement to her father's support.

We deem Williams' incarceration to be self-induced and voluntary. It was his voluntary, knowing conduct that placed him in his present incarcerated and impecunious position. Holding Williams accountable for his child support obligation does not, in our view, constitute double punishment. His incarceration simply does not excuse his duty to support his child. This is not a contempt proceeding, where Williams would be at risk of losing his liberty, but rather an equitable modification proceeding. Equity is not available to one in Williams' position. *Accord, Ohler v. Ohler*, 220 Neb. 272, 369 N.W.2d 615 (1985); *contra, Edmonds v. Edmonds*, 53 Or.App. 539, 633 P.2d 4 (1981).

The reason for reducing child support in a case where the financial circumstances of an obligor have been substantially reduced is to alleviate the obvious difficulty or impossibility that the obligor faces to provide for his or her own needs as well as for those of his or her children. *E.g., Hoster v. Hoster*, 216 N.W.2d 698 (N.D.1974); *Larson v. Larson*, 234 N.W.2d 861 (N.D.1975).

Here, Williams' needs are being provided by the State. He is not charged for food, clothing, housing, or recreation. His present needs are, therefore, not being jeopardized by the continuation of his support obligation.

We accept as true Williams' assertions that he is presently unable to provide the required support. In North Dakota, unpaid child support accrues and the arrearages may not be modified or forgiven. *Kinsella v. Kinsella*, 181 N.W.2d 764 (N.D. 1970). To the argument that the debt will hinder his rehabilitation upon his release, our response is that the amount to be paid each month can be adjusted as his financial condition then requires. *Parker v. Parker*, 152 Wis.2d 1, 447 N.W.2d 64 (Ct.App.1989).

This State has a strong public policy of protecting the best interests of children by assuring them of parental support and maintenance. *Tiokasin v. Haas*, 370 N.W.2d 559 (N.D.1985). This policy applies even when the obligor is incarcerated. *See* NDCC § 14-07-12 (district court has power to transfer the property of an incarcerated spouse to the other spouse "to manage, control, sell or encumber ... for the support and maintenance of the family" if the imprisoned spouse is sentenced to one year or more). We believe our public policy in favor of children's security and maintenance is best promoted by holding that a felon incarcerated for incest is not excused from child support payments.

We conclude that Williams' reduction in income was voluntary and self-induced and, therefore, the trial court clearly erred in finding a significant change in circumstances justifying modification.

Koch also argues that the trial court erred in failing to award her attorney's fees and costs required to defend against Williams' modification action. Award of attorney's fees is a matter of discretion with the trial court and we will not reverse a denial unless there has been an abuse of that discretion. *See Gooselaw v. Gooselaw*, 320 N.W.2d 490 (N.D.1982). In light of our holding that the modification was erroneous, we remand for the trial court to reconsider the question of attor-

ney's fees, taking into account such factors as the needs of Koch and the assets available to Williams. *Routledge v. Routledge*, 377 N.W.2d 542 (N.D.1985).

Koch also seeks attorney's fees for this appeal. While we have concurrent jurisdiction with trial courts to award attorney's fees on appeal, we prefer to leave that decision to trial courts. *Heller v. Heller*, 367 N.W.2d 179 (N.D.1985). The propriety of an award of attorney's fees depends, in part, on the needs of the party seeking the award and the assets of the party from whom the fees are sought. *See Routledge, supra*, 377 N.W.2d at 549 n. 7. Since we are not an evidence-gathering tribunal, we remand to the trial court to determine what fees Koch is entitled to as a result of this appeal.

Accordingly, we reverse the order modifying child support and remand to the trial court for consideration of Koch's request for attorney's fees on appeal and reconsideration of the denial of an award of attorney's fees to Koch for the modification proceeding.

ERICKSTAD, C.J., and GIERKE, J., concur.

VANDE WALLE, Justice, concurring specially.

I concur in the result reached by the majority opinion. If the crime for which a parent obligated to pay support is incarcerated arises out of the family relationship, as it does in this instance, I agree the courts should not forgive the support payments while the obligor is incarcerated. Such a position may be contrary to our previous pronouncements that modification of support payments is justified when a material change in circumstances has occurred, and that a significant factor in making that determination is evidence of a change in the financial circumstances of either party. *E.g., Burrell v. Burrell*, 359 N.W.2d 381 (N.D.1985). An obligor who is imprisoned and who has no other sources of income with which to pay the child support is unable to earn an income to pay the support obligation and there is thus an

obvious change in the obligor's financial circumstances, *i.e.*, the ability to pay the support obligation. Nevertheless, I believe public policy (perhaps public outrage would be a more apt term) demands that we not approve a reduction of child support in those instances in which the obligor is imprisoned for conviction of the crime of incest involving one of the obligor's children.

But I would leave open the more general question of whether or not a reduction is justified in the support obligation of a parent imprisoned for a crime other than a crime that arises out of the family relationship. The authorities are divided on that issue and there are persuasive policy arguments on both sides of the issue. *See e.g.*, the discussion in *Ohler v. Ohler*, 220 Neb. 272, 369 N.W.2d 615, 618, wherein the majority, analyzing the authorities from other jurisdictions, concluded that incarceration resulting in reduction or elimination of income or assets does not constitute such a material change of circumstances as to warrant temporary termination of child-support obligation and the dissent by Chief Justice Krivosha concluded that where the incarcerated parent has no assets and can do nothing about paying the child-support judgment the trial court should, at a minimum, be permitted to consider that fact and not be automatically barred from that consideration.

The majority in this instance would appear to prohibit, as a matter of law, any reduction in the support obligation of any incarcerated parent because such incarceration is voluntary and self-induced and, applying equitable principles, should not justify a reduction in child support. Although I agree that may, *as a matter of fact*, be the result in many instances, I would not require that result as *a matter of law* except in instances such as this case, in which the incarceration is for a crime arising out of the family relationship. *Muehler v. Muehler*, 333 N.W.2d 432 (N.D.1983), did espouse, as dicta, the application of equitable principles to the reduction of support obligations, although the basis of the trial court's decision to reduce the obligation was a change in circumstances resulting from the other parent's employment and increased income and this Court's conclusion was that the increased income was not a change in circumstances justifying a reduced spousal support. It is a quantum leap from the facts or even the dicta in *Muehler* to a holding that parents who are incarcerated and therefore unable to make support payments are ineligible, as a matter of law, for a reduction in those obligations.

Because I fear the majority opinion will, notwithstanding the facts of this case, be read to establish a rule that a parent who is incarcerated is automatically barred from seeking a reduction in support payments and because I believe that decision should ordinarily remain an issue of fact to be determined from the circumstances of the particular case, I concur only in the result reached by the majority opinion.

MESCHKE, J., concurs.