Filed 5/6/03 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2003 ND 78

Morton County Social Service

Board as Assignee for Lynnette

Thiery, a/k/a Lynette Thiery, Plaintiff and Appellant

v.

Michael Hakanson, Defendant and Appellee

No. 20020278

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable John T. Paulson, Judge.

VACATED.

Opinion of the Court by Sandstrom, Justice.

Mark S. Douglas, Child Support Enforcement Unit, P.O. Box 427, Jamestown, N.D. 58402-0427, for plaintiff and appellant.

Michael Hakanson (no appearance), pro se, 4020 86th Avenue SE, Jamestown, N.D. 58401, defendant and appellee.

Morton County Social Service Board v. Hakanson

No. 20020278

Sandstrom, Justice.

[¶1] The Morton County Social Service Board appeals a Southeast Judicial District Court order modifying an existing child support judgment.  The Board argues the district court erred in modifying the South Central Judicial District Court’s original child support judgment.  We vacate the Southeast Judicial District Court order.

I

[¶2] Michael Hakanson and Lynnette Thiery, who never married one another, are the parents of a minor child.  A November 14, 2000, South Central District Court judgment ordered Hakanson to pay Thiery $346.00 per month child support plus $3,114.00 in arrearages.

[¶3] On February 6, 2001, the South Central District Court ordered the judgment filed with the Southeast District Court in Stutsman County for the purpose of enforcement, because Hakanson resided in Stutsman County.  The Morton County Social Service Board, as assignee for Lynnette Thiery, notified the Southeast District Court that Hakanson had failed to make his monthly child support payments.  On May 24, 2002, the Southeast District Court issued an order for Hakanson to show cause why he was not paying Thiery the ordered child support.  Following a July 30, 2002, hearing on the order to show cause, the Southeast District Court found Hakanson was not in contempt and suspended the $346.00-per-month child support payments because Thiery testified at the hearing that Hakanson was living with her and the child.  At the time of the hearing, Hakanson was in prison; however, Thiery testified that after Hakanson’s release, he would be moving in with her and the child.  The July 30, 2002, district court order also waived and forgave Hakanson’s child support arrearages owed to Thiery, because Thiery testified at the hearing that she was willing to waive them.  Under the order, Hakanson was to continue paying the State $150 per month until the State was fully compensated for the benefits it had paid to Thiery under Temporary Assistance to Needy Families (“TANF”).

[¶4] The Morton County Social Service Board appealed the July 30, 2002, modification order, arguing:  the Southeast District Court did not have jurisdiction to modify the child support judgment from the South Central District Court; the State has a right to be reimbursed under a current TANF assignment; and, it was deprived of due process when the district court modified child support at a contempt hearing without proper notice.

[¶5] This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 28-27-01, 28-27-02.

II

[¶6] The Morton County Social Service Board argues the district court erred in modifying a child support judgment after hearing an order to show cause, when neither party had moved for modification.  When reviewing a child support judgment, this Court applies a de novo standard of review for questions of law, a clearly erroneous standard of review for questions of fact, and an abuse-of-discretion standard of review for discretionary matters.  
Buchholz v. Buchholz
, 1999 ND 36, ¶ 11, 590 N.W.2d 215.

[¶7] The Morton County Social Service Board argues the Southeast District Court’s July 30, 2002, order modified the South Central District Court’s November 14, 2000, judgment and Morton County has a claim on the arrearages owed by Hakanson.  If a court forgives past due child support obligations, it has modified a child support order.  
See
 
Koch v. Williams
, 456 N.W.2d 299, 301-02 (N.D. 1990).  In this case, the government has a claim on all arrearages, including those owed to Thiery.  
See
 
Mehl v. Mehl
, 545 N.W.2d 777, 779 (N.D. 1996); N.D.C.C. § 50-09-06.1.  The legislature has given state agencies that provide assistance to needy persons the right to be reimbursed for that assistance by persons who have obligations to support those receiving the assistance.  
Mehl
, at 779.  Section 50-09-06.1, N.D.C.C., states:

An application under this chapter is deemed to create and effect an assignment of all rights to support, which a family member or foster child may have or come to have, to the state agency.  The assignment:

1. Is effective as to all current and accrued support obligations and periods of eligibility;

2. Is limited to the total cost of benefits provided to the family or foster child;

3. Terminates when eligibility ceases, except with respect to any support obligation unpaid at that time; and

4. Is not effective as to any child subject to a benefit cap imposed under section 50-09-29.

[¶8] Morton County has extended TANF benefits to Thiery and, under N.D.C.C. § 50-09-06.1, is entitled to be reimbursed for the amount paid to Thiery through Hakanson’s current and accrued child support payments.  
Id.
; N.D.C.C. § 50-09-06.1.

III

[¶9] The Morton County Social Service Board argues the Southeast District Court had jurisdiction only to enforce, not to modify, the original judgment of the South Central District Court.  On February 6, 2001, the South Central District Court ordered that a certified copy of the court’s November 14, 2000, judgment be transcribed and filed with the clerk of the Southeast District Court “for the purpose of enforcement of said support order,” because Hakanson resided in Stutsman County.

[¶10] Courts vested with the power to grant divorces and award child support payments have the power to change or modify the amount to be paid or the method by which it is paid whenever the circumstances of the parties have materially changed.  
Weigel v. Kraft
, 449 N.W.2d 583 (N.D. 1989); 
Nygord v. Dietz
, 332 N.W.2d 708, 709-10 (N.D. 1983); 
Corbin v. Corbin
, 288 N.W.2d 61, 64 (N.D. 1980).  A court that has jurisdiction over the original child support order does not lose its continuing jurisdiction over child support matters when the support order in the action is transcribed and filed with the clerk of the district court in another county.  
Nygord
, 332 N.W.2d at 710.  In 
Nygord
, this Court stated:

When a support order is transcribed pursuant to Section 14-08-07(2), the provisions of Section 14-08-07 “shall apply as if the support order were issued by the district court of the county to which the support order is transcribed.”  Sec. 14-08-07(2), N.D.C.C.  This section gives the district court of the county to which the support order is transcribed the authority to enforce the support order by issuing a citation for contempt of court against the person who has failed to make the payments.  Sec. 14-08-07(1), N.D.C.C.  It does not confer upon that court jurisdiction to modify or alter a support order previously issued by the district court of the county which granted the divorce and which has continuing jurisdiction over matters of child custody, care, and support.

332 N.W.2d at 710.

[¶11] The Legislature has since repealed N.D.C.C. § 14-08-07, recodifying the relevant provisions in N.D.C.C. § 14-09-08.1; however, that does not change the holding in 
Nygord
.  In 
Nygord
, this Court stated, “A distinction must be made between the jurisdiction to enforce a transcribed judgment and the jurisdiction to modify such a judgment.”  
Id.
  A support order cannot be modified—only enforced—in the county to which it has been transcribed.  
Id.
 (citing 
Zent v. Zent
, 281 N.W.2d 41 (N.D. 1979)).

[¶12] In this case, the South Central District Court has continuing jurisdiction over any modification of its judgment upon showing of a material change in circumstances.  
Id.
  The South Central District Court’s February 6, 2001, order, however, gave the Southeast District Court jurisdiction to enforce the original judgment, granting the power only to issue an order to show cause and determine whether Hakanson was in contempt of court for failure to abide by the original child support judgment.  
Id.
  It did not give the Southeast District Court jurisdiction to modify the original judgment.  
Id.
; 
Zent
, 281 N.W.2d 41.

[¶13] We conclude the South Central District Court has jurisdiction to modify Hakanson’s original child support judgment, and the Southeast District Court has the jurisdiction to enforce the judgment but not to modify it.  Accordingly, we vacate the Southeast District Court order suspending Hakanson’s child support; it therefore becomes unnecessary to discuss whether the Southeast District Court erred in modifying the child support judgment without giving Morton County notice of such a modification.

IV

[¶14] We vacate the Southeast Judicial District Court order.

[¶15]

Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.