Steven L. BURRELL, Plaintiff and Appellant,

v.

Jayne Renee BURRELL, Defendant and Appellee.

Civ. No. 10785.

Supreme Court of North Dakota.

Jan. 3, 1985.

Charles L. Chapman of Chapman & Chapman, Bismarck, for plaintiff and appellant.

Sheldon A. Smith, Bismarck, for defendant and appellee.

VANDE WALLE, Justice.

Steven Burrell appealed from the district court's order denying Steven's motion for modification of his financial obligation for child and spousal support under a divorce judgment. We affirm.

Steven L. Burrell and Jayne Renee Burrell were granted a divorce by the district court of Burleigh County. Trial before the district court occurred on April 17, 1984, and judgment was entered on May 16, 1984. The divorce judgment provided, in relevant part, that Steven was to pay $550 per month in child support, $200 per month as property-settlement payments, and maintain life and health insurance on the two minor children.

On May 23, 1984, Steven Burrell filed a motion for modification of the required payments under the divorce decree. Steven's affidavit in support of his motion indicated that on May 16, 1984, he was laid off from his job as a pipefitter due to lack of work. Steven contended that he had sought other employment but had not been successful. Steven claimed that his monthly income was currently $688 in unemployment benefits. At the time of the divorce, the trial court determined that Steven's annual income for 1982 was $40,000 and it based Steven's support obligations upon the $40,000-income figure. Steven claimed that due to his being unemployed and the resulting change in his income, he could not possibly make the monthly payment of $750 for child support and property-division payments plus $230 for life and health insurance required by the divorce decree. Steven contended that the trial court should modify the support obligations due to a substantial change in circumstances. Specifically, Steven requested the trial court to reduce the amount of the monthly child-support payments and to suspend the property-division payments during the period of his unemployment.

The trial court denied Steven's motion with a one-sentence statement, "The plaintiff's motion for modification of the judgment is hereby denied."[1] Steven Burrell was subsequently subjected to a contempt hearing for failure to pay child support. The referee to whom the matter was referred determined that Steven should not be found in civil contempt because Steven did not have the ability to pay the full amount of his child-support obligation. Steven was required to pay $100 per month with the balance of the support obligation accruing as an arrearage.

Steven argues on appeal that the trial court's denial of his motion to modify and reduce child support was a clearly erroneous finding of fact.

 It is well established in North Dakota that courts invested with the power to grant divorces and award child-support money have the power to change or modify the amount to be paid or the method by which it is paid whenever it is shown that the circumstances of the parties have materially changed. *Skoglund v. Skoglund*, 333 N.W.2d 795 (N.D.1983); *Nygord v. Dietz*, 332 N.W.2d 708 (N.D.1983); *Corbin v. Corbin*, 288 N.W.2d 61 (N.D.1980). A significant factor in a proceeding to modify child-support payments is evidence of a change in the financial circumstances of either party to the divorce. *Skoglund v. Skoglund, supra; Corbin v. Corbin, supra; Bridgeford v. Bridgeford*, 281 N.W.2d 583 (N.D.1979).

 The trial court, in considering what amount of child support must be paid, focuses on how the changed circumstances affect the financial needs of the supporting spouse and his or her ability to pay, as well as on the needs of the children and the dependent spouse. *Corbin v. Corbin, supra*. The court must attempt to balance the needs of the children with the support-

ing parent's ability to pay. *Skoglund, supra; Kostelecky v. Kostelecky*, 251 N.W.2d 400 (N.D.1977). We have stated that the ability to pay support is not necessarily determined solely on the basis of income earned. The court must consider a party's net worth, including the extent of his physical assets and his earning ability as demonstrated by past income. *Skoglund v. Skoglund, supra*.

 Before a trial court can determine whether there has been a material change in circumstances that will justify a modification of payments under a divorce decree, the court must conduct a fact-finding inquiry. *Lipp v. Lipp*, 355 N.W.2d 817 (N.D. 1984); *Corbin v. Corbin, supra; Becker v. Becker*, 262 N.W.2d 478 (N.D.1978). The facts considered by the trial court in making a determination with regard to child support are findings of fact subject to Rule 52(a), N.D.R.Civ.P. A finding of fact by the trial court concerning child support is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. Rule 52(a), N.D.R.Civ.P.; *Jondahl v. Jondahl*, 344 N.W.2d 63 (N.D. 1984); *VanRosendale v. VanRosendale*, 342 N.W.2d 209 (N.D.1983).

Steven specifically contends that our decision in *Hoster v. Hoster*, 216 N.W.2d 698 (N.D.1974), is applicable to his case. He correctly points out that in *Hoster* we reduced child-support payments because the supporting spouse was financially unable to comply with the terms of the divorce decree due to the supporting spouse's reduced income.

After reviewing the facts of *Hoster*, we note that the decrease in income was somewhat permanent in nature, or at least projected by both parties to be of long

---

1. We interpret the finding as a determination that there was no change in circumstances that justified an immediate modification of the divorce decree. Ordinarily we would not accept as adequate such a finding; however, in view of the fact that the trial court recently heard the testimony in the divorce action and that judg-

ment in the divorce action was entered only a week before the hearing on the motion for modification, we believe that our interpretation is the only logical interpretation of the statement of the trial court. Under these peculiar circumstances we will not remand to the trial court for the purpose of having further findings made.

duration. The trial court had granted the parties a divorce in June 1973. The supporting spouse had a 40-percent reduction in income approximately one month later and in August he moved the trial court for modification of the divorce decree. On appeal from the trial court's denial of the request for modification we determined that the supporting spouse's inability to pay would continue until at least the spring of 1974.

*Hoster, supra,* can thus be distinguished from the case at bar where the reduction in income was arguably temporary in nature at the time of the hearing. The trial court was presented with evidence during the divorce proceedings indicating that Steven's job as a skilled pipefitter frequently involved periods of unemployment. The trial court could properly have decided that a reduction of child-support payments only six days after the divorce judgment was entered would open the door for a request for modification each time Steven was between jobs. Thus, by the time the request for modification could be heard by the trial court, ruled on, and possibly appealed, Steven could possibly be re-employed as a pipefitter at another job.

Steven contends additionally that the trial court in denying his motion for modification failed to consider the scale of suggested minimum child-support contributions under Section 14–09–09.7, N.D.C.C., which provides, in relevant part:

"1. The department of human services shall establish a scale of suggested minimum contributions to assist courts in determining the amount that a parent should be expected to contribute toward the support of the child under this section. . . .

. . . . . .

"3. The court shall consider the scale of suggested minimum contributions in making a determination of the amount of payment for child support."

Steven argues that in this case the trial court failed to apply the guidelines and that because of that failure the court made a clearly erroneous finding of fact that no modification was necessary.

A reading of Section 14–09–09.7 indicates that the court is required only to consider the guidelines. Section 14–09–09.7 does not require that the court award child support within the suggested scale. Requiring the trial courts to award child support strictly according to the suggested scale would encroach upon the equitable discretion of the trial courts. We conclude that the scale of suggested minimum contributions found in Section 14–09–09.7 is merely a set of guidelines.

We have carefully reviewed the evidence available to the district court at the modification hearing. We are not left with a definite and firm conviction that the trial court made a mistake in denying Steven's motion for modification of the divorce decree. We conclude that the trial court's finding that there was no showing of a material change in circumstances is not clearly erroneous.

The order denying the motion for modification is affirmed.

ERICKSTAD, C.J., and PEDERSON and GIERKE, JJ., concur.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.