**UNITED BANK OF BISMARCK, a North Dakota banking corporation, Plaintiff and Appellee,**

v.

**Leo J. BOEHM and Johnny Ruth Boehm, husband and wife, Defendants and Appellants.**

**UNITED BANK OF BISMARCK, formerly State Bank of Burleigh County Trust Company, a North Dakota banking corporation, Plaintiff and Appellee,**

v.

**Leo J. BOEHM and Johnny Ruth Boehm, Defendants and Appellants,**

and

**Western States Life Insurance Company, First Federal Savings & Loan Association, and Burleigh County, Defendants.**

**Civ. Nos. 11055, 11056.**

Supreme Court of North Dakota.

March 19, 1986.

David L. Peterson, of Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for plaintiff and appellee.

Max D. Rosenberg, of Rosenberg & Baird, Bismarck, and Roger E. Persinger, Bismarck, for defendants and appellants.

VANDE WALLE, Justice.

The defendants, Leo and Johnny Ruth Boehm, have appealed from two judgments of foreclosure and an order appointing a receiver by the district court of Burleigh County. We affirm in part, reverse in part, and remand with instructions.

Although the record shows that the Boehms and the plaintiff, United Bank of Bismarck (United), have been involved in numerous financial transactions, including refinancing agreements and execution of mortgages on several properties, we will recite only those facts which are pertinent to the issues raised on this appeal. On November 12, 1982, the Boehms gave to United a mortgage on a commercial mobile-home court in Bismarck in the Governor Pierce Addition to secure a debt in the amount of $395,352.05. This mortgage was recorded on November 17, 1982.

On November 12, 1982, the Boehms also gave United two mortgages to secure an indebtedness of $154,340.78. One of those mortgages was on an apartment complex in Bismarck in the Park Hill Addition, and it was recorded on November 17, 1982. The other mortgage was a second mortgage on the mobile-home court, and it was recorded on November 22, 1982.

All of the foregoing mortgages were executed under the Short-Term Mortgage Redemption Act, Chapter 32–19.1, N.D.C.C.

The Boehms defaulted on the debts secured by the mortgages, and United filed two separate foreclosure actions, one for each debt in default. On June 25, 1985, the district court entered a judgment foreclosing the first mortgage on the mobile-home court given to secure the $395,352.05 debt. On that same date, the court entered a separate judgment of foreclosure of the second mortgage on the mobile-home court given to secure the $154,340.78 debt and also foreclosing the mortgage on the apartment complex given to secure that same debt. The sheriff's Report of Sale on Foreclosure reveals that the mobile-home court was sold by the sheriff to satisfy the first mortgage at 2 p.m. on July 30, 1985. United, as the only bidder, was the purchaser of the property. A separate Report of Sale on Foreclosure reveals that on the same date the sheriff again sold the mobile-home court at 2:15 p.m. to satisfy the second mortgage and simultaneously sold the apartment complex to satisfy the mortgage on that property. United, as the sole bidder, purchased both properties at this "second" sale.

On July 22, 1985, the trial court, on United's motion, appointed a receiver to collect the rents on the properties "for purposes of paying for any repair and upkeep necessary to keep the premises in proper repair during the period of redemption," with proceeds in excess of expenses to be transferred to the Boehms pursuant to further court order.

On appeal, the Boehms have raised the following three issues:

(1) Whether the trial court erred in setting a six-month redemption period on the mobile-home court;

(2) Whether the trial court lacked jurisdiction to appoint a receiver for the properties; and

(3) Whether the trial court erred in appointing the receiver under the circumstances of this case.

The Boehms assert that, because the notice of intent to foreclose the first mortgage on the mobile-home court stated that the period of redemption would be one year, the trial court erred in imposing a six-month redemption period. United asserts that the Boehms did not preserve this issue for appeal because they did not bring the matter to the trial court's attention. United also asserts that, even though the notice to foreclose the first mortgage recited a one-year redemption period, the trial court did not err in imposing a six-month redemption period, because the notice to foreclose the second mortgage recited the six-month redemption period.

■ Our review of the record reveals that the Boehms did preserve this issue for appeal. The inconsistency between the statutory six-month redemption period allowed under Chapter 32–19.1, N.D.C.C., and the one-year redemption statement in the notice of intent to foreclose the first mortgage was expressly addressed by the Boehms in their written brief to the trial court, dated October 26, 1983, resisting United's motion for appointment of a receiver. Subsequently, the Boehms filed a voluntary petition in Federal court seeking relief under Chapter 11, Title 11, of the United States Code, which resulted in an automatic stay of United's foreclosure proceedings in the State courts. Although the Boehms did not again bring the redemption period issue before the trial court when the foreclosure proceedings were reactivated nearly two years later, we conclude that the issue was sufficiently preserved to receive our consideration of it on this appeal.

■ Chapter 32–19.1, N.D.C.C., authorizes a six-month redemption period. However, under Section 32–19.1–05, N.D.C.C., a one-year redemption period is required if the notice of intent to foreclose does not state that the redemption period shall be six months. United, by stating in the notice that a one-year redemption period would be allowed, failed to provide the required disclosure of the six-month redemption, and consequently a one-year re-

demption period is required by Section 32–19.1–05, N.D.C.C.

█ We are unpersuaded by United's contention that notice of the six-month redemption period contained in the notice to foreclose the second mortgage on the mobile-home court "cured" the one-year redemption statement included in the notice to foreclose the first mortgage. In *National Credit Union Share Insurance Fund v. University Developers*, 335 N.W.2d 559 (N.D.1983), we held that the trial court erred in allowing foreclosure of a second mortgage subsequent to the foreclosure of a first mortgage on the same property, because foreclosure upon the first mortgage extinguished the second mortgagee's right to foreclose the second mortgage. We further held that upon foreclosure of the first mortgage the second mortgagee's remedy was to redeem the property in accordance with Section 28–24–05, N.D.C.C., instead of attempting to foreclose the second mortgage. Likewise, when the first mortgage on the mobile-home court was foreclosed, United's right to foreclose the second mortgage was extinguished.[1] We conclude, therefore, that the attempted foreclosure of the second mortgage did not alter the Boehms' right to a one-year redemption period on the first mortgage. We further conclude in accordance with our holding in *University Developers, supra*, that the court erred in allowing foreclosure of the second mortgage on the mobile-home court upon foreclosure of the first mortgage on that property.

█ The Boehms assert that the trial court did not have jurisdiction to appoint a receiver to collect and disburse the rents on the mortgaged properties because those rents were part of the Boehms' bankruptcy

estate under the control of the Federal bankruptcy court. The filing of the bankruptcy petition resulted in an automatic stay of United's foreclosure proceedings in the State courts. However, by order dated September 15, 1984, the Federal district court lifted the automatic stay as to "the mobile-home court" and "the apartment complex" effective June 1, 1985. The Boehms assert that the removal of the stay by the Federal district court pertained only to the mortgaged property itself, and not to the rents or profits derived from those properties. We disagree. By order dated October 15, 1985, the Federal bankruptcy court unambiguously declared that the "rents, profits and income" from the mortgaged properties were, as a result of the Federal court order lifting the automatic stay, within the jurisdictional authority of the State courts. Accordingly, we conclude that the trial court did have subject matter jurisdiction over the rents and profits derived from the mobile-home court and the apartment complex.

The Boehms assert that the trial court nevertheless erred in appointing a receiver, because there is no statutory authority for the court to do so under the circumstances of this case. United asserts, to the contrary, that the trial court had authority under Chapter 32–10, N.D.C.C., or under Chapter 32–19.2, N.D.C.C., to make the appointment.

As amended by the 1985 Legislature,[2] Section 32–19.2–01, N.D.C.C., provides in relevant part:

"*32–19.2–01. Appointment of trustee.* On application of the mortgagee, in any action for the foreclosure of a real estate mortgage upon any commercial building, including apartments of two or

---

1. United, as purchaser of the mobile home court through the sheriff's sale resulting from foreclosure of United's first mortgage on the property, is accorded protection of its second mortgage interest in the property under Section 28–24–02, N.D.C.C., without itself having to redeem the property. Under that provision, any redemption of the property from United must include payment to United for the amount of its second mortgage lien on the property, with interest, if

United's second mortgage is prior to any lien held by the redemptioner.

2. The 1985 amendment made this section applicable to "apartments of two or more units." Prior to the amendment, the section was applicable only to apartments of "five or more units." Since the apartment complex has more than five units, the amendment has no significance for this case.

more units, the court, upon ten days' notice to the mortgagor, may, upon good cause being shown, appoint a trustee to take possession of the premises. Any person, other than the mortgagee, or its agents or employees, may act as trustee if the court deems them qualified."

Under the foregoing provision, the court may appoint a trustee [3] "upon good cause being shown" to take possession of the premises of a rental property. Under Section 32–19.2–02, N.D.C.C., the trustee is given authority to, among other things, receive rentals and pay "all utilities, taxes, and insurance." United's request for a receiver was based primarily on the ground that the Boehms had failed to pay taxes on the properties for numerous years and had failed to make payments on the debts secured by mortgages on the properties.

■ In enacting Chapter 32–19.2, N.D. C.C., it is apparent that the Legislature intended to authorize the court, upon a proper showing in a foreclosure action involving commercial rental property, to appoint a trustee to take possession of the premises and to pay necessary expenses with available funds. In view of its intended purpose, we believe the chapter is applicable to the mobile-home court and the apartment complex in this case, both of which are improved commercial facilities involving the required number of rental units. We further conclude that the record, which contains an undisputed affidavit showing substantial amounts of unpaid property taxes on the mortgaged properties, demonstrates "good cause" for the appointment of the receiver. Accordingly, we hold that the trial court did not err in appointing a receiver under the circumstances of this case.[4]

We remand with instructions that the trial court modify the judgment of foreclosure of the first mortgage on the mobile-home court to include a one-year redemp-

tion period and, as so modified, we affirm that judgment of foreclosure; we affirm the judgment foreclosing the mortgage on the apartment complex, but we reverse that part of the judgment foreclosing the second mortgage on the mobile-home court; and we affirm the order appointing a receiver.

ERICKSTAD, C.J., LEVINE and MESCHKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of GIERKE, J., disqualified.

---

**3.** For purposes of this case, the trial court and the parties have interchangeably used the terms "receiver" and "trustee" with no objection being raised by either party in that regard.

**4.** Having concluded that the trial court had authority to make its appointment under Chapter 32–19.2, N.D.C.C., it is unnecessary for this court to determine whether authority for the appointment may have also derived from Chapter 32–10, N.D.C.C.