MIDWEST FEDERAL SAVINGS BANK, Plaintiff and Appellee,

v.

Paul SYMINGTON and Lois J. Symington, his wife; Dave Parker and D.J. Parker, Inc.; Employee's Pension Plan & Trust; and all other persons unknown claiming any estate or encumbrance upon the real estate described in the Complaint, Defendants,

Richard L. Nelson, Bankruptcy Trustee and Successor in Interest to Paul Symington, Appellant.

Civ. Nos. 870312 to 870315.

Supreme Court of North Dakota.

May 16, 1988.

Henry J. Eslinger, Grand Forks, for appellant.

Karen Kosanda Braaten, Grand Forks, for appellee.

LEVINE, Justice.

Paul S. Symington (Symington) gave three mortgages to Midwest Federal Sav-

ings Bank (Midwest) on a 64–unit three-building apartment complex called St. James Place Apartments. In September 1984 Symington defaulted on his payment obligations. In anticipation of foreclosure, Midwest moved for appointment of a trustee to manage the property during the redemption period, under NDCC § 32–19.2–01. Symington and Midwest agreed in November 1985 to appoint Bushee Property Management, Inc. (the trustee) as trustee to perform all functions specified in NDCC § 32–19.2–02 with the exception of "paying all taxes," a duty Symington and Midwest could not agree upon.

Following foreclosure, Midwest purchased St. James Place at the sheriff's sale on December 3, 1985. Thereafter, the trustee used a portion of St. James Place rentals to pay property taxes for periods prior to his appointment. The trustee submitted accountings for each apartment building to the district court, which were approved. Appeals were taken from the three orders approving the accounts and from an order approving disbursements to Midwest. The appeals are consolidated before this court.[1]

The sole issue on appeal is whether NDCC § 32–19.2–02 authorizes the trustee to pay from rents collected during the redemption period, delinquent real estate taxes which accrued prior to the sheriff's sale of the mortgaged property.

Section 32–19.2–02, NDCC, provides:

"The trustee shall:

1. Take possession of the premises.

2. *Pay*, to the extent funds are available, *all utilities, taxes, and insurance.*

3. Receive the rentals from tenants.

4. Remove tenants for nonpayment of rent or for any other cause permissible by law.

5. Rent premises." [Emphasis added.]

Symington argues that § 32–19.2–02(2) authorizes payment of only those taxes that accrue during the redemption period on a pro rata basis. His argument is that NDCC § 28–24–11, which entitles the mortgagor to rents and profits,[2] precludes payment of taxes which accrued prior to the sheriff's sale.

The meaning of the words "pay ... all ... taxes" is at the heart of this dispute. In construing § 32–19.2–02 we determine the legislative intent from the statutory language as a whole because that intent is presumed clear from the face of the statute. *E.g., Bloom v. Fyllesvold,* 420 N.W. 2d 327 (N.D.1988). Non-technical words used by the legislature are to be given their plain, ordinary meaning and are to be understood in their ordinary sense. NDCC §§ 1–02–02, 1–02–03. Further, an exception to a general statute is to be strictly construed "so as not to extend the exception beyond the ordinary and literal meaning of its language." *Knoepfle v. Suko,* 108 N.W.2d 456, 458, syl. 3 (N.D.1961). However, even when we strictly construe statutory language, we do so in a manner that "does not wreak havoc either with the meaning the words will bear or with the intent of the Legislature." *Amerada Hess Corp. v. Conrad,* 410 N.W.2d 124, 131 (N.D.1987).

Section 32–19.2–01 provides for the appointment of a trustee for good cause in any action for the foreclosure of a real estate mortgage upon certain commercial property, including apartments of at least two units. The trustee is to collect rents and pay "all utilities, taxes and insurance." NDCC § 32–19.2–02(2). The mortgagor is entitled to receive the net rentals accumulated by the trustee. NDCC § 32–19.2–04.

 The purpose of Ch. 32–19.2 is to allow a trustee to take possession of the premises and pay necessary expenses with

---

1. In September 1981, Symington, d.b.a. St. James Place Apartments, filed a Chapter 11 bankruptcy petition. In April 1986, Symington converted the Chapter 11 proceeding to Chapter 7. Richard L. Nelson was appointed trustee of Symington's bankruptcy estate. Although Nelson brings this appeal, to simplify matters, we refer to the appellant as Symington.

2. Section 28–24–11, NDCC reads:

"The debtor under an execution or foreclosure sale of his property shall be entitled to the possession, rents, use, and benefit of the property sold from the date of such sale until the expiration of the period of redemption."

available funds. *United Bank of Bismarck v. Boehm*, 383 N.W.2d 813, 817 (N.D.1986). Unpaid property taxes on the mortgaged property constitute good cause for the appointment of a trustee. *Ibid.*

 Chapter 32–19.2 is an exception to the principle embodied in NDCC § 28–24–11 that the mortgagor has the exclusive right to "possession, rents, use, and benefit" of the property sold at the sheriff's sale "from the date of such sale until the expiration of the period of redemption." *See* NDCC § 28–24–11. *See also Farm Mortgage Loan Co. v. Pettet*, 51 N.D. 491, 200 N.W. 497 (1924). Chapter 32–19.2 on its face reflects the legislature's intent to withhold from the mortgagor not only possession of certain commercial real estate, but also those rents used for payment of all utilities, all taxes and all insurance. Utilities, taxes and insurance are "necessary expenses" which the legislature has adjudged are to be paid from funds that would otherwise inure to the benefit of the mortgagor.

Giving "ordinary and literal meaning" to the word chosen by the legislature in enacting an exception to NDCC § 28–24–11, *Knoepfle v. Suko, supra,* and giving the meaning the word will bear in light of the intent of the legislature, *Amerada Hess Corp. v. Conrad, supra,* we can only conclude that the word "all" means "the whole amount or quantity of." Webster's Third International Dictionary. The word "all" is comprehensive in scope and inclusive in range. It does not mean some or a part, but rather means the whole or its entirety. *See First American Bank & Trust Co. v. Ellwein,* 198 N.W.2d 84, 104 (N.D.1972) (on petition for rehearing). The statute directs payment of the whole amount of taxes (to the extent funds are available). It does not qualify the category of taxes to be paid by limiting it to some taxes, to current taxes, to taxes accruing only in the period of redemption. We hold therefore that NDCC § 32–19.2–02 authorizes the trustee to pay from rentals collected during the period of redemption, real estate taxes which accrued prior to the sheriff's sale of the mortgaged property.

We consider it unnecessary to address Symington's additional arguments because none of them affects our analysis or decision.

Accordingly, the orders are affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.