Janice Lee **HEIDINGER**, Plaintiff and Appellant,

v.

Ronald Wayne **HEIDINGER**, Defendant and Appellee.

Civ. No. 880013.

Supreme Court of North Dakota.

July 19, 1988.

Lawrence P. Kropp, of Buchanan Law Office, Jamestown, for plaintiff and appellant.

Terence J. Paulson, of Weiss, Wright & Paulson, Jamestown, for defendant and appellee.

VANDE WALLE, Justice.

Janice Lee Heidinger appealed from a modified judgment of divorce reducing Ronald Wayne Heidinger's child-support obligation. We affirm in part and reverse in part.

When Janice and Ronald were divorced in 1982, Janice was awarded custody of their three minor children. The judgment required Ronald to pay monthly child support of $100 per child to the age of majority, marriage, or otherwise becoming emancipated.

■ Ronald paid no child-support payments until September 1987,[1] and the arrearages totalled $19,350 through October 1987.

In October 1987, Ronald moved to have the divorce judgment modified to reduce his child-support obligation to $75 per child per month and to eliminate a restriction on his visitation rights. Without addressing Ronald's ability to pay the child support originally required, the trial court found that Ronald was capable of paying $75 per child per month and $50 per month for reduction of the arrearages. The court concluded:

"Changes in the conditions and circumstances surrounding the parties and their children since the Judgment of Divorce was entered render it necessary, desirable, and advisable that the Judgment provisions for the support of the minor children and visitation be set aside and the Judgment modified to provide that the Defendant pay to Plaintiff child support in the sum of $75.00 per month per child, that Defendant pay to Plaintiff the sum of $50.00 per month to reduce the amount of support arrearages and that the restriction on Defendant's visitation with his children be eliminated."

Judgment was entered accordingly and Janice appealed, contending that the trial court erred in reducing Ronald's child-support obligation. Janice has not contended that the trial court erred with respect to modifying Ronald's visitation rights.

We said in *Burrell v. Burrell*, 359 N.W. 2d 381, 383 (N.D.1985):

"A significant factor in a proceeding to modify child-support payments is evidence of a change in the financial circumstances of either party to the divorce....

"The trial court, in considering what amount of child support must be paid, focuses on how the changed circumstances affect the financial needs of the supporting spouse and his or her ability to pay, as well as on the needs of the children and the dependent spouse.... The court must attempt to balance the needs of the children with the supporting parent's ability to pay." (Citations omitted.)

There is no evidence in the record that Janice's financial circumstances have improved since the divorce. There is no evidence that the needs of the children have lessened since the divorce. There is evidence that Ronald's financial circumstances have improved significantly since the divorce and there is nothing to indicate that the trial court viewed Ronald's present circumstances to be anything but an improvement since the divorce.

■ We said in *Meadows v. Meadows*, 312 N.W.2d 464, 467 (N.D.1981): "[U]nwillingness to pay, without more, cannot be a valid reason for the court's refusing to order child-support payments or for reducing such payments." It is apparent here, as it was in *Meadows, supra* at 467, that the trial court was attempting to get a child-support obligor who " 'has exhibited an unwillingness to pay the ordered amount' " to pay something by reducing the obligation to an amount that he was willing to pay. After observing that Ronald was not entitled to a reduction, the trial court stated: "I'm lowering the payments because you said you would make them if I lowered them.... [T]hat's the only reason I'm doing it." It was error for the trial court to reduce Ronald's child-support obligation because he was unwilling to pay the amount ordered in the original divorce judgment but willing to pay a reduced amount.

Ronald contends that "the trial court in this case may have considered the motion

---

1. Civil contempt proceedings for failure to pay court-ordered child support are appropriate for an obligor with the ability to pay. See *Hicks ex rel. Feiock v. Feiock*, — U.S. —, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988); *Perry v. Perry*, 382 N.W.2d 628 (N.D.1986); §§ 14–08–07 and 27–10–03, N.D.C.C.

to modify as a Rule 60(b) motion." There is nothing in the record indicating that the trial court treated Ronald's motion to modify as a Rule 60(b), N.D.R.Civ.P., motion. We express no views on the appropriateness of filing a Rule 60(b) motion or of filing an independent action in equity for relief from the judgment. See *Hamilton v. Hamilton,* 410 N.W.2d 508 (N.D.1987).

The modified judgment is affirmed with respect to the modification of Ronald's visitation rights and it is reversed with respect to Ronald's child-support obligation.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.